UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY H. CONSTABLE,[1] | Case No. 2:25-cv-2848-JDP (P) |
| Petitioner, | |
| v. | ORDER |
| JEFF MCCOMBRE, | |
| Respondent. | |

Petitioner, a state prisoner, brings this action under section 2254. ECF No. 1. Her petition does not state a cognizable federal habeas claim, and I will dismiss it with leave to amend so that she may remedy this deficiency if she can.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

---

[1] The docket lists petitioner's name as "Edward H. Constable, also known as Brittany H. Constable." Petitioner states that she is transgender, ECF No. 1 at 3, and, accordingly, I will refer to her feminine name in the caption and use feminine pronouns in the order. If this is incorrect, petitioner may state as much in any amended petition.

1

Petitioner alleges that her information and name may have been stolen because of prison staff failing to practice effective computer security. ECF No. 1 at 3, 9. This allegation does not attack the validity of any conviction and, thus, is unsuited to proceed in a habeas action. Petitioner does allege that she has been "overdetained," which might hint at a cognizable claim, but the specifics are unclear. Petitioner indicates that her *Miranda* rights were not read appropriately, but I cannot discern the basis for this claim. Neither has petitioner stated whether the claim has been properly exhausted in state court before being presented here. The "check the box" portion of the form indicates that no review was sought from the California Supreme Court, but the *Miranda* claim is not mentioned on the form, only in the attachments to the petition. Thus, I cannot tell whether petitioner intended to state that this claim was also unexhausted.

I will dismiss the petition with leave to amend. If petitioner chooses to file an amended petition, she must do so on the form provided and indicate whether her claims are exhausted. The amended petition should be titled "First Amended Petition."

Accordingly, it is ORDERED that:

1. The petition, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send petitioner a habeas petition form with this order. If he files an amended complaint, he must use this form.

IT IS SO ORDERED.

Dated: December 1, 2025

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE