UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRITTANY H. CONSTABLE,

Petitioner,

v.

JEFF McCOMBRE,

Respondent.

Case No.  2:25-cv-2848-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner, brings this action under section 2254.  ECF No. 12.  I screened the initial petition and found that it could not proceed.  ECF No. 18.  One of petitioner's claims, that her information and name may have been stolen because of poor prison computer security, did not attack the validity of her conviction and, thus, was not cognizable in a habeas action. Second, petitioner's potentially cognizable, albeit underdeveloped, claim that she had not been read her Miranda[1] rights did not appear to have been exhausted by way of presentation to the California Supreme Court.  I dismissed the initial petition with leave to amend, and petitioner has now submitted her amended petition.  ECF No. 19.  After review of the amended petition, I find that it also fails to state a cognizable, exhausted habeas claim; I now recommend that it be

---

[1] A reference to *Miranda v. Arizona*, 384 U.S. 436 (1966).

1

dismissed on that basis.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner states that she was convicted of being a prisoner in possession of a weapon on August 12, 2024, in San Joaquin County Superior Court.  ECF No. 19 at 2.  She was convicted after entering a plea of *nolo contendere*.  *Id.*  Petitioner raises two claims.  First, she alleges that she was not read her Miranda rights at the time of the incident giving rise to her conviction and upon transfer into the custody of sheriff's deputies.  *Id.* at 5.  Second, she claims that she has been subject to "over detention" because her good time credits should have been restored.  *Id.*

A federal court cannot consider claims challenging a state conviction unless those claims have been exhausted via presentation to the highest state court.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Absent such exhaustion, a federal court is without jurisdiction to consider the petitioner's claims.  *See* 28 U.S.C. § 2254(b)(1).  Here, petitioner does not indicate that she has presented her claims to the highest state court (or, indeed, to any state court).  When asked whether she appealed or filed a petition attacking the conviction, she lists only cases ongoing in this district.  ECF No. 19 at 3-4.  Accordingly, I find that petitioner's claims are unexhausted and should be dismissed on that basis.  Petitioner shall have a final opportunity to argue the issue of exhaustion in any objections she chooses to file to these recommendations.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the amended petition, ECF No. 19, be DISMISSED as unexhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the

court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    February 27, 2026            _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3